*Morel* for defendant.

---

DICK vs. REYNOLD'S HEIRS & AL.

APPEAL from the court of the first district.

4ns525
52 1250

MARTIN, J., delivered the opinion of the court. The plaintiff charges that the de-

On a suit against the sureties to a mar-

DICK
*vs.*
REYNOLD'S
HEIRS & AL.

shal's bond for
fees collected, it
is no defence
that the plain-
tiff's claim a-
gainst the Uni-
ted States is un-
impaired.

ceased being marshal of the United States for the Louisiana district, received from the treasury of the U. S. and sundry persons, several sums of money for the salary and fees of the plaintiff, attorney of the United States for the same district, which he never accounted for. The suit is instituted on the deceased's official bond.

The court of the first district nonsuited the plaintiff, being of opinion that the action could not lie, because the obligation of disbursing the public money was contracted with the United States, and they alone can avail themselves of any breach of the condition of the marshal's bond, in relation to such disbursements. The plaintiff appealed.

It is clear that if the deceased, as marshal, received the salary of the plaintiff from the treasury of the United States, and the fees due him from the clerk of the court of the United States, the defendants did him an injury by retaining the money, and this injury was a breach of the condition of his bond.

As to the deceased this obligation, though enforced by the bond, arises independently from it, from the very circumstance of his

East'n. District.
*June*, 1826.

Dick
*vs.*
Reynold's
Heirs & al.

receiving the plaintiff's money, which created an obligation to pay it, and on this the law raises a promise.

As to the sureties, their obligation is said to arise from a written engagement to which the plaintiff is not a party, and that the parties alone undergo the obligations, and acquire the rights resulting from a contract. But this court have recognised in the case of the *Mayor & al.* vs. *Bailey,* 5 *Martin,* 321, that one may have a direct action, on a stipulation in his favor, on a deed to which he is not a party, and that the congress of the United States has given the right of suing on the bond to any person injured by a breach of its condition. *Ingersoll,* 117.

It is vain to contend that the deceased has not impaired the plaintiff's right to demand his salary from the United States. This is certainly true; but one has often several remedies at once existing on the same right, and he may exercise either.

They further urge, that at the time the original law was passed, which requires the marshal to find bond, it was not that officer's duty to receive and pay the salaries of the attorney; but the fact is, that the latter law

East'n. District. making that his duty, was passed before the
June, 1826. bond sued on was given. It, therefore, was
DICK given as a surety for the faithful payment of
vs.
REYNOLD'S such monies thereafter received, and the
HEIRS & AL. nonpayment of them was a breach of its
condition.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court
be annulled, avoided and reversed; the non-
suit set aside, and the case remanded for
further proceedings, the defendant and ap-
pellees paying costs in this court.

*Smith* for the plaintiff, *Grymes, and Conrad,*
for the defendants.